WILLIAM F. WESTON, *Adm'r, versus* GEORGE B. WESTON.

An administrator is bound by admissions, which his intestate had made.

An assigned note, belonging jointly to two or more assignees, may be released by either of them; and an action upon such note, brought in the name of one of the assignees, may be discharged by either of the co-assignees.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT upon a note, for $50, dated *January* 7, 1836, given by the defendant, to *William Weston, Jr.*, the plaintiff's intestate.

PLEA, non-assumpsit.

The following were the material facts, as shown by copies from the probate records, which were received in evidence, though objected to.

In 1841, William Weston, Jr., and his mother, Mary Weston, were appointed administrators of the estate of his father, William Weston.

In their inventory of the debts due to that estate, they returned a note against George B. Weston, this defendant, for $50, dated *June* 7, 1836, also a note against said *William Weston, Jr.*, for $300.

In an administration account, *allowed* by the Judge of Probate on April 8, 1845, William Weston, Jr. charged the estate of his father, William Weston, with the amount, $77,75, due upon the $50 note against George B. Weston, representing in the account that the note had been delivered to the father,

in his life-time, to be accounted for on the $300 note against William Weston, Jr., but that it had not been indorsed or in any way allowed for.

The second and final account of administration, rendered by the joint administrators, was settled and allowed on the same April 8, 1845. In that account they charged themselves $77,75, the amount of said $50 note, representing it to be still unpaid; and also charged themselves with what they called "the balance due on said $300 note against William Weston, Jr., after deducting said $77,75, due on the $50 note against this defendant, representing that William Weston, their intestate, in his life-time, had purchased the same in part payment of said $300 note against *William Weston, Jr.*

Upon the settlement of that final account, a balance of $766,10 was found to be in the hands of the administrators, and they were ordered to pay the same to the heirs at law.

The plaintiff offered to prove by oral testimony that, at the probate court on said April 8, 1845, when the administration account of William Weston, Jr. was settled, this defendant was present, and objected to the allowance to said William Weston, Jr. of any more time in which to collect said note against this defendant, and the Judge of Probate thereupon decided that there had been already an unreasonable delay in collecting it, and that said William Weston, Jr. must assume the note, and charge himself with the same in account.

This evidence was excluded.

After the death of *William Weston, Jr.*, this suit upon said $50 note was commenced by his administrator.

Mary Weston, one of said administrators upon the estate of William Weston, having intermarried with Thomas Horn, united with him in giving, under their seals, to this defendant, a discharge from the note in suit, and in forbidding the further prosecution of the action, alleging that the defendant had paid the note to William Weston, her intestate, in his life-time.

The case was submitted to the Court, upon such of the evidence as should be adjudged admissible.

*J. S. Abbott*, for the plaintiff.

1. If the proceedings in the probate court would be relied on, they should be specially pleaded or set forth by brief statement.

2. It does not appear that the note inventoried, as the property of William Weston, Sen'r, was the same note, now in suit. Indeed they appear to be different, the one being dated in January and the other in June.

3. If however the note inventoried is to be regarded as the one in suit, it became the property of William Weston, Jr., by being credited in the second administration account. It might have become his by satisfying the Judge of Probate that it was inventoried and credited by mistake, or by the Judge of Probate requiring him to assume the same, because of neglect to collect it of the maker. And we offered to prove that such was the actual requirement. The required credit was given, and its amount distributed among the heirs of William Weston, Sen'r. This constituted at least an equitable assignment of the note to *William Weston, Jr.* and his administrator, this plaintiff, is authorized, in this suit to collect its amount.

Again, the note was deemed to have been the property of William Weston, Sen'r, on the ground that he was to have indorsed its amount on the note against William Weston, Jr.; but it not having been so indorsed, the property did not pass.

SHEPLEY, C. J. — Upon your hypothesis, why did not the note become the joint property of *both* the administrators, and not of W. Weston, Jr. alone?

*Abbott.* — Because it was attempted to be taken in part payment of a note against W. Weston, Jr. But that attempt not having been carried out, W. Weston, Jr. paid the whole on his own note, and took this back. Besides, the widow, by her second marriage, ceased to be an administratrix. W. Weston, Jr. then became sole administrator. The note was payable to W. Weston, Jr., and by whomsoever owned, must

be collected in his name. And it is to him that his mother must look, if she have any just claims.

*Webster*, for the defendant.

WELLS, J. — The note in suit is payable to William Weston, Jr. the plaintiff's intestate, who with his mother, then Mary Weston, now Mary Horn, was administrator upon the estate of his father, William Weston.

It is said by the defendant, that the note in suit was inventoried as a part of the estate of William Weston. The note contained in the inventory is represented as bearing date in June, whereas the note in suit is dated in January, but in other respects they are alike. But in the settlement of the account of Wm. Weston, jr. in the probate office, in April, 1845, he charges the estate of his father with a note corresponding in date and in other particulars with the one in suit. It also appears, that the amount of the note was allowed in the settlement of the administration account by deducting it from his own note belonging to his father's estate. This evidence is sufficient to show, that the note was the property of his father. The plaintiff represents the son and is bound by his admissions.

The note being the property of the father, the administrator of the son has no control over it, and can maintain no action upon it, except by the consent of the representatives of the father.

If the plaintiff's intestate and his mother charged themselves in their administration account with the note against the defendant, when they had not collected it, it might thereby become their property. In their second account they do so charge themselves with the amount of the note, stating that it is still due. If the payment of the note under such circumstances would transfer the title to it, and authorize the collection of it in the name of the plaintiff, the interest in it would belong to the mother and son, their property in it accruing to them as individuals, in consequence of the payment made by them. It would become the property of both,

and either of them could receive payment of it, or discharge it. Mrs. Horn and her husband, Thomas Horn, have admitted by an instrument under seal, that the note was paid by the defendant to her late husband, William Weston, and they discharged the defendant from it. This they had a right to do, if she was a joint owner of the note with the plaintiff's intestate, and such discharge would put an end to the action.

According to the agreement of the parties, judgment is to be rendered for the defendant.

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.